### HUGH COOPER V. THE STATE.

No. 11183.  Delivered November 23, 1927.

Rehearing denied January 25, 1928.

#### 1.—Theft of Cattle—Evidence—Held Sufficient.

Where, on a trial for theft of cattle, it was uncontroverted that appellant butchered two head of cattle belonging to Prosecuting Witness Icet, and sold the meat. His defense that Icet gave his permission to the taking of the cattle was properly submitted to the jury, who found against appellant, and the judgment is affirmed.

ON REHEARING.

#### 2.—Same—Evidence—Held Sufficient.

On rehearing, appellant insists that the evidence is not sufficient to support the verdict. While testimony was presented to the effect that

the owner had consented to the taking of his cattle, this issue was properly submitted to the jury, and mere conflicts in testimony are always for the jury's settlement, and we do not feel justified in disturbing a verdict which has the support this one has.

Appeal from the District Court of Chambers County. Tried below before the Hon. Thos. B. Coe, Judge.

Appeal from a conviction for theft of cattle, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson,* State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant is under conviction for theft of cattle alleged to have belonged to B. C. Icet. Punishment is two years in the penitentiary.

No complaint of any ruling of the court during the trial is brought forward in the record. In the absence of objections we must assume that the instructions to the jury were acceptable to appellant. The only question which can be reviewed is the sufficiency of the evidence and no detailed statement of that is called for.

That appellant butchered two head of Icet's cattle and sold the meat is not controverted. Appellant did not testify himself but through witnesses raised the issue that Icet had authorized the killing of the animals. This question was properly submitted to the jury and the finding was in favor of the state. The evidence is amply sufficient to support the conviction.

The judgment is affirmed.                    *Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that the testimony is not strong enough to justify the jury in finding that he did not have authority from the owner of the alleged stolen animal, to slaughter and appropriate same. We have again reviewed the facts, and can not agree with this contention. The circumstances of the slaughter of the animal were somewhat peculiar. It was shot in the woods by appellant and then carried some eight or nine miles to a point where it was skinned and cut up. It was shot just before night, and the skinning, cutting up, etc., were in the night time. The owner of the alleged stolen animal testified positively denying that he gave appellant permission to kill and appropriate same. Appellant and two

witnesses testified to the fact that such permission was given. One of these two witnesses was related to appellant. The entire purpose and express direction of our statute is that in matters pertaining to the facts, such as the credibility of the witnesses and the weight to be given their testimony, the jury's decision is to be taken, except in case there be no testimony supporting same. Mere conflicts in testimony are always for the jury's settlement. We do not feel justified in disturbing a verdict which has the support this one has.

The motion for rehearing is overruled.        *Overruled.*